## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Ricky Martinez,

              Plaintiff,

        v.

City of Chicago,

              Defendant.

**No.**

**Hon. Judge**

```
FILED: MAY 29, 2008
08CV3113   RCC
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COLE
```

### COMPLAINT

The Plaintiff, RICKY MARTINEZ ("Plaintiff"), by and through undersigned counsel, submits Plaintiff's Complaint and complains of Defendant THE CITY OF CHICAGO ("Defendant") as follows:

### INTRODUCTION

1.  Plaintiff seeks redress for national origin discrimination.  This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and pursuant to 42 U.S.C. § 1981.

### PARTIES

2.  Plaintiff is a Muslim male of Middle-Eastern origin.  He presently resides in the City of Chicago, County of Cook, State of Illinois.

3.  Defendant is a municipal entity of the City of Chicago, doing business in, and maintaining its principal office at 500 West Madison, Suite 2800, in the City of Chicago, County of Cook, State of Illinois.

4.  Upon information and belief, Defendant employed 15 or more employees for each working day for 20 or more calendar weeks in the current and preceding calendar years.

5.  At all times relevant herein, Defendant was acting under color of law pursuant to their authority and grants of power under the United States Constitution and the Constitution and statutes of the State of Illinois.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction of this case pursuant to 42 U.S.C. §§ 1981, 42 U.S.C. §§ 2000e, *et seq.*, and 28 U.S.C. §§1331 and 1343.

7.  This action properly lies in this district pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

8.  On May 31, 2007, Plaintiff timely filed a Charge of Discrimination (Charge Number 440-2007-05178) with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge of Discrimination is attached hereto as Exhibit A.

9.  On or about February 29, 2008, Plaintiff received his Notice of Right to Sue from the EEOC for Charge 440-2006-05565. A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

## COMMON ALLEGATIONS

10. On or around December 2, 2006, Mr. Martinez applied for a job with the Chicago Police Department.

11. On December 3, 2006 Mr. Martinez took and passed the power test.

12. In February of 2006, Mr. Martinez took and passed the written entrance exam as well as the psychological tests.

13. On or about January 16, 2007, Mr. Martinez was interviewed in his home for the desired position.

14. During the interview, Mr. Martinez disclosed that, in 1991, while driving a taxi, he had been arrested on charges of aggravated assault in relation with a traffic violation. These charges were dropped on condition of Mr. Martinez taking six months of supervision. His record was expunged and sealed.

15. After the interview, Mr. Martinez asked the interviewer whether she believed he would get the job, and received an answer in the affirmative.

16. The interviewer indicated that, because he had not been convicted, Mr. Martinez's arrest would not cause his application to fail.

17. The interviewer then told him not to worry, and that he would not have trouble getting the job.

18. After this conversation, the interviewer called Mr. Martinez and asked him a great number of questions concerning his former employment with Global Relief Foundation.

19. Mr. Martinez answered these questions truthfully and completely, stating that he had ended his employment with Global Relief Foundation, an Arab and Muslim charitable organization, two years before it was shut down.

20. Mr. Martinez also disclosed in his employment application that he was employed by Global Relief Foundation from June to December of 1999. In approximately December, 2001, Global Relief Foundation was shut down for suspected terrorist ties. In addition, Mr. Martinez disclosed to the interviewer that he had cooperated completely with investigators after Global Relief Foundation was shut down.

21. The interviewer also asked for passport copies in order to run a background check on Mr. Martinez through Interpol.

22. On information and belief, candidates for the position desired by the Plaintiff are not ordinarily screened through Interpol.

23. On information and belief, Mr. Martinez passed the Interpol screening.

24. On or around May 3, 2007, Mr. Martinez called the Defendant's office to check on the status of his application.

25. The same interviewer who had questioned him earlier answered, telling him he had been rejected.

26. Over the phone, this interviewer also indicated that he may have been rejected because of his driver's license suspension.

27. Mr. Martinez has had two driver's license suspensions for failure to appear, and one for passing a school bus.

28. At the time of the interview, Mr. Martinez had disclosed information regarding his driver's license suspensions.

29. At the time of his interview, the interviewer did not offer any reason to believe that the suspensions would prevent Mr. Martinez from being accepted by the Police force.

30. Mr. Martinez then spoke to another member of the Police department, who stated that he had been rejected as a result of his arrest, stating that Mr. Martinez had been convicted.

31. As indicated on the Order to Expunge, Exhibit D, Mr. Martinez was released without being convicted. Note that Mr. Martinez has changed his name from Zouheir Rahmani to Ricky Martinez.

32. Furthermore, at the time of interview, it had been made clear (as stated above) that his arrest would not be held against his application.

33. Upon information and belief, other non-Muslim, non-Arab officers in the Police Department were hired in spite of having arrest records.

34. The Police Department refused to issue a formal letter of rejection to Mr. Martinez for a full year.

35. In May 2008, Mr. Martinez received a letter from the City of Chicago rejecting his application to the Chicago Police Department, Exhibit C.

36. Upon information and belief, the Chicago Police Department does not ordinarily wait one full year before issuing letters of rejections to its applicants.

37. In this letter, the City alleged that Mr. Martinez had been convicted of aggravated assault.

38. In fact, as stated above, Mr. Martinez was never convicted, the charges were dropped and his record was expunged and sealed.

39. The City further alleged that Mr. Martinez had issued false statements in his questionnaire to questions 58, 62, 63, and 29.

40. Question 58 states "have you ever been convicted of a crime and/or entered a plea of guilty to a crime in any court of law"

41. Mr. Martinez answered "no" in good faith, believing that his charges of aggravated assault had not led to a conviction, but rather had led only to supervision, and that this supervision had not required him to plead guilty. Furthermore, as stated above, Mr. Martinez made no attempt to hide his assault charges from the Police Department, and indeed made mention of this charge on his application in this section of the questionnaire.

42. Question 62 states "Have you ever been questioned by the police regarding a criminal investigation?"

43. Mr. Martinez answered "no" in good faith, believing that his cooperation in the Global Relief Foundation matter had been with the FBI, and not the Police.

44. Question 63 state "have you ever given testimony in criminal court as a defendant?"

45. Mr. Martinez answered "no" in good faith. He acknowledges that he had been a defendant in court, but because he never spoke, he believed he had never given any 'testimony'.

46. Question 29 states "I have reviewed this questionnaire on this date in the presence of the below listed witness and reaffirm my position that all of the information provided by me in this questionnaire remains true and correct or, where applicable, I have made the necessary correction and changes".

47. Mr. Martinez offered no changes here because he believed in good faith that all his earlier answers had been true.

48. The City of Chicago also alleged that Mr. Martinez's failure to register with the Selective Service System was grounds for his rejection.

49. Mr. Martinez admits that he did not register with Selective Service, however, because at the time of registration he was not a citizen, he believed himself to be exempt from registration.

50. In 2000, after becoming a citizen, Mr. Martinez contacted the Selective Service System regarding his registration status.

51. Selective Service sent him a letter in March of 2000, stating that it is not possible to register with the system after the age of 26. In 2000, Mr. Martinez was 30 years old.

52. The Military Selective Service Act states that "a person may not be denied a right, privilege, or benefit under Federal law by reason of failure to present himself for and submit to registration under section 3 (of the Military Selective Service Act) if (1) the requirement for the person to so register has terminated or become inapplicable to the person; and (2) the person shows by a preponderance of evidence that the failure to register was not a knowing and willful failure to register."

53. Mr. Martinez avers that he believed registration for Selective Service to be akin to registration to vote, understanding both to be privileges available only to citizens.

54. By the time Mr. Martinez was made aware of his need to register for Selective Service regardless of his immigration status, he was too old to do so.

55. In addition, Mr. Martinez had disclosed this information at the time of the interview: the interviewer did not give any indication to him that this matter would negatively affect his application.

56. The City also states that as of July 2006, Mr. Martinez owed $250 in unpaid parking tickets to the Village of Bridgeview.

57. Mr. Martinez paid these parking tickets in full in 2007, however stating this as a reason for his rejection was not issued until May of 2008

58. The City also alleged that the rejection was in part due to three drivers' license suspensions he had received.

59. As stated earlier, Mr. Martinez had disclosed the information regarding his suspensions at the time of the interview, and the interviewer had not indicated any reason to believe they would act as a bar to his application.

60. In sum, Mr. Martinez was given assurance that he would be given the position.

61. Only after this interview was he questioned regarding his ties to an Arab organization and screened through Interpol.

62. Following this inquiry, Mr. Martinez was rejected over the phone and given two separate reasons for his rejection, by two different people.

63. Furthermore, Mr. Martinez received an extremely delayed written rejection, which offered its own set of reasons for rejection Mr. Martinez.

64. None of his rejections have involved his Interpol screening or mentioned his connection to the Arab organization.

65. Upon information and belief, Mr. Martinez was not awarded the employment contract because of his ancestry and national origin.

## COUNT I
### (Title VII –National Origin Discrimination)

66. Paragraphs 1-65 are restated herein.

67. Defendant intentionally discriminated against Plaintiff on the basis of national origin, in violation of 42 U.S.C. § 2000e, *et seq.*

68. Defendant's unlawful actions have caused Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

    a.  All wages and benefits he would have received but for the discrimination;

    b.  A position with Defendant with seniority or, in the alternative, front pay;

    c.  Compensatory damages;

    d.  Punitive damages;

    e.  Attorney's fees and costs; and

    f.  Such other relief as law and justice allow.

## COUNT II
### (Section 1981 –Ancestry Discrimination)

69. Paragraphs 1-65 are restated herein.

70. Defendant intentionally discriminated against Plaintiff on the basis of ancestry in violation of 42 U.S.C. § 1981.

71. Defendant's unlawful actions have caused Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Plaintiff respectfully requests:

    a.  All wages and benefits he would have received but for the discrimination;

    b.  A position with Defendant with seniority or, in the alternative, front pay;

    c.  Compensatory damages;

    d.  Punitive damages;

    e.  Attorney's fees and costs; and

    f.  Such other relief as law and justice allow.

## **JURY TRIAL**

72. Plaintiff demands that the case be tried by a jury.


s/      Patricia Kemling

        Patricia Kemling, Esq.
        Attorney # 6294379
        Council on American-Islamic Relations,
        Chicago Chapter
        (CAIR-Chicago)
        28 East Jackson Blvd., Suite 1410
        Chicago, Illinois 60604
        Ph:    312.212.1520
        Fax:   312.212.1530

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| TO: **Illinois Department Of Human Rights**<br>**100 West Randolph Street**<br>**Floor 10-100**<br>**Chicago, IL 60601** | Date  **May 31, 2007**<br>EEOC Charge No.<br>**440-2007-05178**<br>FEPA Charge No. |

CHARGE TRANSMITTAL

SUBJECT:

| | | |
|---|---|---|
| **Ricky Martinez** | v. | **CHICAGO POLICE DEPARTMENT** |
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC ☐ _____ on **May 31, 2007**
*Name of FEPA* *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver ☐ FEPA waives

☐ No waiver requested ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official<br>**John P. Rowe, District Director** | Signature/Initials |
|---|---|

| | | |
|---|---|---|
| **Ricky Martinez** | v. | **CHICAGO POLICE DEPARTMENT** |
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official<br>**Rocco J. Claps** | Signature/Initials |
|---|---|

| | |
|---|---|
| TO:  **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** | Date  **May 31, 2007**<br>EEOC Charge No.<br>**440-2007-05178**<br>FEPA Charge No. |

Exhibit -- A

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Eileen Geary, Esq.<br>**Chief Assistant Corporation Counsel**<br>Dept. of Law, City of Chicago<br>30 N. LaSalle Street, Rm. 1020<br>Chicago, Illinois 60602-2580 | **Ricky Martinez** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**440-2007-05178** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **02-JUL-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Jerry  Zhang,<br>Investigator | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|
| EEOC Representative | |
| Telephone  **(312) 353-7522** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| May 31, 2007 | John P. Rowe,<br>**District Director** | John P. Rowe |

TB

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | | | |
|---|---|---|---|
| To: | Ricky Martinez<br>5100 North Marine Drive<br>Chicago, IL 60640 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0014 4054 0132

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05178 | Jerry Zhang,<br>Investigator | (312) 353-7522 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*                    2/23/2007

Enclosure(s)

John P. Rowe,
District Director

(Date Mailed)

cc:    CHICAGO POLICE DEPARTMENT

**Exhibit - B**



**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Human Resources**

Michelle Y. Burton
Acting Commissioner

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois 60602-1209
(312) 744-4966 (Voice)
(312) 744-1521 (FAX)
(312) 744-5035 (TTY)
http://www.cityofchicago.org

**Administration**
City Hall, Room 1100
(312) 744-4962 (Voice)
(312) 744-4371 (FAX)

**Employment Services**
City Hall, Room 1100
(312) 744-4976 (Voice)
(312) 744-4371 (FAX)

**Information Services**
City Hall, Room 1100
(312) 744-4954 (Voice)
(312) 744-2563 (FAX)

**Employee Assistance Program**
(312) 747-0399 (Voice)
(312) 747-8970 (FAX)

**Labor Relations**
DePaul Center, Suite 330
333 South State Street
Chicago, Illinois 60604-3973
(312) 747-8975 (Voice)
(312) 747-8971 (FAX)

**Strategic Services**
DePaul Center, Suite 520
333 South State Street
Chicago, Illinois 60604-3975
(312) 747-7277 (Voice)
(312) 747-0405 (FAX)

May 9, 2008

Ricky Martinez
5100 North Marine Drive - #8H
Chicago, Illinois 60640

Dear Mr. Martinez:

This is to inform you that on the basis of an investigation into your background, a decision has been made by the Department of Police to disqualify you from being appointed to the Chicago Police Department. This decision is based upon the facts and circumstances surrounding an incident(s) revealed during the Background Investigation. A copy of the report which summarizes the alleged incident(s) is enclosed.

**If you wish to contest this decision and present evidence on your behalf, you must request a hearing in writing. This request is to be submitted to Rev. Lucius Hall, Chairman, Human Resources Board, 121 North LaSalle Street - Room 1100, Chicago, Illinois 60602, on or before May 30, 2008. Please include a daytime and evening telephone number where you can be reached. Your failure to request a review will result in your disqualification for possible appointment to the Chicago Police Department.**

You may be represented by legal counsel of your own choosing at the time and place designated for hearing.

Any questions concerning this matter should be directed to Karen B. Sarazen at (312) 744-4970.

Sincerely,

*Michelle Y. Burton*

Michelle Y. Burton
Acting Commissioner

MYB/csr
encl.

**Exhibit - C**

**NEIGHBORHOODS**

BUILDING CHICAGO TOGETHER



Subject:  Candidate Background Investigation Summary
Exam No.:  C9161-0001-2005

Candidate:  MARTINEZ, Ricky
Address:  5100 North Marine Drive - #8H
Chicago, Illinois 60640
SSN:  XXX-XX-8084

Reference:  BACKGROUND INVESTIGATION STANDARDS

II.  Past Criminal Record

Reference:  720 ILCS 5/1-1 et seq.

ARTICLE 2. GENERAL DEFINITIONS

(720 ILCS 5/2-.5) (from Ch. 38, par. 2-.5)

Sec. 2-.5. For the purposes of this Code, the words and phrases described in this Article have the meanings designated in this Article, except when a particular context clearly requires a different meaning.

Sec. 2-5. "Conviction."

"Conviction" means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.

Candidate Background Investigation Ricky Martinez Continued..

The background investigation conducted by the Personnel Investigations Section reveals the following:

B.    **CRIMINAL CONDUCT**

The following are examples of those types of criminal offenses which, except as expressly noted, should result in disqualification from consideration as a Chicago Police Officer.

Any offense directed against the person as provided in 720 ILCS, Title III, Part B, including homicide (Art. 9), kidnapping and related offenses (Art. 10), sex offenses (Art. 11), offenses involving bodily harm (Art. 12) or eavesdropping (Art. 13).

**ARTICLE 12. BODILY HARM**

(720 ILCS 5/12-2.)          [Formerly Ill. Rev. Stat. 38-12-2.]
**5/12-2. Aggravated assault.**
Section 12-2. Aggravated assault.
(a) A person commits an aggravated assault, when, in committing an assault, he:
(10)  Knows the individual assaulted to be an employee of the State of Illinois, a municipal corporation therein or a political subdivision thereof, engaged in the performance of his authorized duties as such employee:
(b) Sentence.
Aggravated assault as defined in paragraphs (1) through (5) and (7) through (12) of subsection (a) of this Section is a Class A misdemeanor.

On or about the 8th day of October 1991, the candidate while at Chicago, Illinois, was operating a taxi on the public way, and attempted to strike a City of Chicago traffic aide with the vehicle.

The candidate was subsequently taken into custody by members of the Chicago Police Department and charged with the offense of aggravated assault.

On or about the 14th day of January 1992, the candidate appeared in the Circuit Court of Cook County, where he was convicted of the offense of aggravated assault.

The candidate was sentenced to a term of court supervision.

Candidate Background Investigation Ricky Martinez Continued..

Any single offense involving reckless driving or driving under the influence of alcohol or other mood altering substances within the last five years; more than one DUI or reckless driving incident, regardless of date of incident; any other offenses which resulted in suspension or revocation of driving privileges on two or more occasions.

Provided, however, if one or both suspensions were for failure to comply with the Vehicle Emissions Inspection Law, 625 ILCS 5/13A-101 et seq., and/or the Vehicle Emissions Inspection Law of 1995, 625 ILCS 5/13B-1 et seq., disqualification will not be automatic but the suspension(s) may be the cause of disqualification based on review of the surrounding facts and circumstances or in connection with other matters.

1.   **The candidate had a Failure to Appear Suspension posted on his driving record from 1 June 2003 through 3 July 2003, by the Office of the Illinois Secretary of State.**

2.   **The candidate had a Failure to Appear Suspension posted on his driving record from 15 December 2001 through 11 March 2002, by the Office of the Illinois Secretary of State.**

3.   **On or about the 24th day of March 1999, the candidate was operating a motor vehicle in Cook County, Illinois, and was cited by a member of the local law enforcement agency, for the offense of operating a motor vehicle while his driver's license was suspended or revoked.**

**On or about the 11th day of May 1999, the candidate appeared in the Circuit Court of Cook County, where he convicted of the offense of operating a motor vehicle while his driver's license was suspended or revoked.**

**The candidate was sentenced to a term of supervision and ordered to participate in a Driver Remedial Program.**

The references to the Illinois Compiled Statutes are descriptive only. Such references include any similar federal offense or similar offense in any other jurisdiction within the United States or in any foreign country. Failure to enumerate any particular offense does not exclude such offense as being the basis of disqualification.

Candidate Background Investigation Ricky Martinez Continued..

> Any criminal offense or quasi-criminal (ordinance violation) offense, under the proper circumstances, can result in disqualification from employment as a Police Officer if it is demonstrated that the acts or omissions of the applicant were such as to make it inappropriate for him or her to serve as a Police Officer.

## F.   **COOPERATION WITH APPLICATION PROCESS**

Any applicant who fails to cooperate with the City of Chicago and its Police Department in processing his or her application for the position of Police Officer shall be disqualified.

This includes failure to give any necessary information, making untrue, misleading statements in connection with the application or any part of the processing procedure, or failing to include any material information requested by the City or its Police Department.

VI.   Personal History Questionnaire - False Statements.

All persons who have made untrue statements or have failed to include any material information in the questionnaire shall be disqualified.

> **On 2 December 2006, the candidate indicated <u>NO</u> in his Personal History Questionnaire to Question #58.**
>
> **Question #58 - Have you ever been convicted of a crime and/or entered a plea of guilty to a crime in any court of law?**
>
> **On 2 December 2006, the candidate indicated <u>NO</u> in his Personal History Questionnaire to Question #62.**
>
> **Question #62 - Have you ever been questioned by the police regarding a criminal investigation?**
>
> **On 2 December 2006, the candidate indicated <u>NO</u> in his Personal History Questionnaire to Question #63.**
>
> **Question #63 - Have you ever given testimony in criminal court as a defendant?**
>
> **On 16 January 2007, the candidate was afforded an opportunity to review his Personal History Questionnaire in the presence of his assigned background investigator.**

4

Candidate Background Investigation Ricky Martinez Continued..

Page #29, (I have reviewed this questionnaire on this date in the presence of the below listed witness and reaffirm my position that all of the information provided by me in this questionnaire remains true and correct or, where applicable, I have made the necessary corrections and changes).

The candidate made no corrections or changes.

Section 7 - Fraudulent Conduct or False Statements by Applicant.

Fraudulent conduct or false statements by an applicant or by others with the applicant's connivance, in any application or examination, shall be cause for the exclusion of such applicant from an examination, or for removal of such applicant's name from all employment lists, or for discharge from the service after appointment.

## H.    OTHER CONDUCT

Any pattern of repeated abuse of authority, lack of respect for authority or law; lack of respect for the dignity and rights of others; racial, sex or other antisocial prejudice or propensity towards violence should result in disqualification.

The candidate admitted to his assigned background investigator, J. ALEXANDER-FALLON, that he failed to register with the Selective Service System as required by law.

The candidate's credit report from Trans Union, dated 16 January 2007, indicated that as of July 2006, he owes $250.00 in unpaid parking tickets to the Village of Bridgeview. This is an open account that has been placed for collection by the Village of Bridgeview.

City of Chicago
Dept. of Human Resources
Announces An Examination For:
Police Officer
Grade D1 - Examination # C9161-0001-2005

THE HIRING PROCESS will consist of five steps: The first step is a series of written tests consisting of multiple-choice questions and a Biographical Data Form.

Persons who pass this step will have their names placed on a list making them eligible for processing through the remaining steps: Drug Screen, Psychological Test, Background Investigation and Medical Examination.

Candidate Background Investigation Ricky Martinez Continued..

NOTE:       1.      ALL FIVE STEPS OF THE PROCESS MUST BE COMPLETED
                    SUCCESSFULLY IN ORDER TO BE CONSIDERED FOR HIRE.

            2.      FAILURE AT ANY STEP WILL RESULT IN REMOVAL FROM
                    FURTHER CONSIDERATION.

As a result of the above findings in the background investigation it is recommended that the
candidate be removed from the eligibility list.

6

(12/3/98) CCCR 0013

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS
or
A MUNICIPAL CORPORATION
vs.

ZOUHEIR  RAHMANI
_____
Defendant/Petitioner

}

NO. _____91-146 827_____

### ORDER TO EXPUNGE (AND SEAL)

☐ 1. The court having found that the Defendant/Petitioner has been acquitted or released without being convicted;

IT IS ORDERED THAT:

A. _____ ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall expunge their files of the record of this arrest;

C. The Circuit Court Clerk shall seal this file and the name of the defendant shall be obliterated from the official index required to be kept by the Circuit Court Clerk.

☒ 2. The court having found that the Defendant/Petitioner has been released without being convicted following a sentence of supervision and it has been two (2) years since discharge and dismissal of that supervision;

IT IS ORDERED THAT:

A. _____CPD_____, ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall expunge their files of the record of this arrest;

C. The Circuit Court Clerk shall impound this file.

☐ 3. The court having found that the Defendant/Petitioner has been released without being convicted following a sentence of supervision for an offense listed in 20 ILCS 2630/5(a) and it has been five (5) years since discharge and dismissal of that supervision;

IT IS ORDERED THAT:

A. _____, ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall seal their files and records of this arrest and the record, once sealed, may be disseminated only as required by law;

C. The Circuit Court Clerk shall impound this file.

Prepared by:

Name: _ZOUHEIR RAHMANI_____

Address: _8650 S. 84ᵗʰ CT #1 SW____

City/State/Zip: _HICKORY HILLS, IL 60457_

Phone: _708- 924-1325 OR 708-205-_

Atty. No._____

Date: SEP 07 2000

_____
Judge

Exhibit - D

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK