EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: Illinois Department Of Human Rights
100 West Randolph Street
Floor 10-100
Chicago, IL 60601

Date: May 31, 2007
EEOC Charge No. 440-2007-05178
FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

Ricky Martinez v. CHICAGO POLICE DEPARTMENT
Charging Party — Respondent

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC  [ ] _____  on May 31, 2007
Name of FEPA — Date of Receipt

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

[ ] EEOC requests a waiver     [ ] FEPA waives

[ ] No waiver requested         [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

Typed Name of EEOC or FEPA Official: **John P. Rowe, District Director**
Signature/Initials: John P. Rowe

[DEPT OF HUMAN RIGHTS — MAY 31 2007 — RECEIVED stamp]

Ricky Martinez v. CHICAGO POLICE DEPARTMENT
Charging Party — Respondent

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

Typed Name of EEOC or FEPA Official: **Rocco J. Claps**
Signature/Initials: [signature]

TO: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Date: May 31, 2007
EEOC Charge No. 440-2007-05178
FEPA Charge No.

Exhibit -- A

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Eileen Geary, Esq.<br>Chief Assistant Corporation Counsel<br>Dept. of Law, City of Chicago<br>30 N. LaSalle Street, Rm. 1020<br>Chicago, Illinois 60602-2580 | **PERSON FILING CHARGE**<br><br>**Ricky Martinez**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>440-2007-05178 |

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **02-JUL-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Jerry Zhang,
Investigator
EEOC Representative

Telephone (312) 353-7522

Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| May 31, 2007 | John P. Rowe,<br>District Director | John P. Rowe |

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ricky Martinez<br>5100 North Marine Drive<br>Chicago, IL 60640 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4054 0132

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05178 | Jerry Zhang,<br>Investigator | (312) 353-7522 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  2/28/2007
John P. Rowe,                     (Date Mailed)
District Director

Enclosures(s)

cc: CHICAGO POLICE DEPARTMENT

Exhibit - B



Case: 1:08-cv-03113 Document #: 1-2 Filed: 05/29/08 Page 4 of 11 PageID #:14

**City of Chicago**
Richard M. Daley, Mayor

**Department of Human Resources**

Michelle Y. Burton
Acting Commissioner

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois 60602-1209
(312) 744-4966 (Voice)
(312) 744-1521 (FAX)
(312) 744-5035 (TTY)
http://www.cityofchicago.org

**Administration**
City Hall, Room 1100
(312) 744-4962 (Voice)
(312) 744-4371 (FAX)

**Employment Services**
City Hall, Room 1100
(312) 744-4976 (Voice)
(312) 744-4371 (FAX)

**Information Services**
City Hall, Room 1100
(312) 744-4954 (Voice)
(312) 744-2563 (FAX)

**Employee Assistance Program**
(312) 747-0399 (Voice)
(312) 747-8970 (FAX)

**Labor Relations**
DePaul Center, Suite 330
333 South State Street
Chicago, Illinois 60604-3973
(312) 747-8975 (Voice)
(312) 747-8971 (FAX)

**Strategic Services**
DePaul Center, Suite 520
333 South State Street
Chicago, Illinois 60604-3975
(312) 747-7277 (Voice)
(312) 747-0405 (FAX)

May 9, 2008

Ricky Martinez
5100 North Marine Drive - #8H
Chicago, Illinois 60640

Dear Mr. Martinez:

This is to inform you that on the basis of an investigation into your background, a decision has been made by the Department of Police to disqualify you from being appointed to the Chicago Police Department. This decision is based upon the facts and circumstances surrounding an incident(s) revealed during the Background Investigation. A copy of the report which summarizes the alleged incident(s) is enclosed.

**If you wish to contest this decision and present evidence on your behalf, you must request a hearing in writing. This request is to be submitted to Rev. Lucius Hall, Chairman, Human Resources Board, 121 North LaSalle Street - Room 1100, Chicago, Illinois 60602, on or before May 30, 2008. Please include a daytime and evening telephone number where you can be reached. Your failure to request a review will result in your disqualification for possible appointment to the Chicago Police Department.**

You may be represented by legal counsel of your own choosing at the time and place designated for hearing.

Any questions concerning this matter should be directed to Karen B. Sarazen at (312) 744-4970.

Sincerely,

Michelle Y. Burton

Michelle Y. Burton
Acting Commissioner

MYB/csr
encl.

Exhibit - C

**NEIGHBORHOODS Alive!**
BUILDING CHICAGO TOGETHER



Subject: Candidate Background Investigation Summary
Exam No.: C9161-0001-2005

Candidate: MARTINEZ, Ricky
Address: 5100 North Marine Drive - #8H
Chicago, Illinois 60640
SSN: XXX-XX-8084

Reference: BACKGROUND INVESTIGATION STANDARDS

II. Past Criminal Record

Reference: 720 ILCS 5/1-1 et seq.

ARTICLE 2. GENERAL DEFINITIONS

(720 ILCS 5/2-.5) (from Ch. 38, par. 2-.5)

Sec. 2-.5. For the purposes of this Code, the words and phrases described in this Article have the meanings designated in this Article, except when a particular context clearly requires a different meaning.

Sec. 2-5. "Conviction."

"Conviction" means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.

Candidate Background Investigation Ricky Martinez Continued..

The background investigation conducted by the Personnel Investigations Section reveals the following:

B. **CRIMINAL CONDUCT**

The following are examples of those types of criminal offenses which, except as expressly noted, should result in disqualification from consideration as a Chicago Police Officer.

> Any offense directed against the person as provided in 720 ILCS, Title III, Part B, including homicide (Art. 9), kidnapping and related offenses (Art. 10), sex offenses (Art. 11), offenses involving bodily harm (Art. 12) or eavesdropping (Art. 13).
>
> **ARTICLE 12. BODILY HARM**
>
> (720 ILCS 5/12-2.)   [Formerly Ill. Rev. Stat. 38-12-2.]
> **5/12-2. Aggravated assault.**
> Section 12-2. Aggravated assault.
> (a) A person commits an aggravated assault, when, in committing an assault, he:
> (10) Knows the individual assaulted to be an employee of the State of Illinois, a municipal corporation therein or a political subdivision thereof, engaged in the performance of his authorized duties as such employee;
> (b) Sentence.
> Aggravated assault as defined in paragraphs (1) through (5) and (7) through (12) of subsection (a) of this Section is a Class A misdemeanor.

On or about the 8th day of October 1991, the candidate while at Chicago, Illinois, was operating a taxi on the public way, and attempted to strike a City of Chicago traffic aide with the vehicle.

The candidate was subsequently taken into custody by members of the Chicago Police Department and charged with the offense of aggravated assault.

On or about the 14th day of January 1992, the candidate appeared in the Circuit Court of Cook County, where he was convicted of the offense of aggravated assault.

The candidate was sentenced to a term of court supervision.

2

Candidate Background Investigation Ricky Martinez Continued..

Any single offense involving reckless driving or driving under the influence of alcohol or other mood altering substances within the last five years; more than one DUI or reckless driving incident, regardless of date of incident; any other offenses which resulted in suspension or revocation of driving privileges on two or more occasions.

Provided, however, if one or both suspensions were for failure to comply with the Vehicle Emissions Inspection Law, 625 ILCS 5/13A-101 et seq., and/or the Vehicle Emissions Inspection Law of 1995, 625 ILCS 5/13B-1 et seq., disqualification will not be automatic but the suspension(s) may be the cause of disqualification based on review of the surrounding facts and circumstances or in connection with other matters.

1. The candidate had a Failure to Appear Suspension posted on his driving record from 1 June 2003 through 3 July 2003, by the Office of the Illinois Secretary of State.

2. The candidate had a Failure to Appear Suspension posted on his driving record from 15 December 2001 through 11 March 2002, by the Office of the Illinois Secretary of State.

3. On or about the 24th day of March 1999, the candidate was operating a motor vehicle in Cook County, Illinois, and was cited by a member of the local law enforcement agency, for the offense of operating a motor vehicle while his driver's license was suspended or revoked.

On or about the 11th day of May 1999, the candidate appeared in the Circuit Court of Cook County, where he convicted of the offense of operating a motor vehicle while his driver's license was suspended or revoked.

The candidate was sentenced to a term of supervision and ordered to participate in a Driver Remedial Program.

The references to the Illinois Compiled Statutes are descriptive only. Such references include any similar federal offense or similar offense in any other jurisdiction within the United States or in any foreign country. Failure to enumerate any particular offense does not exclude such offense as being the basis of disqualification.

Candidate Background Investigation Ricky Martinez Continued..

    Any criminal offense or quasi-criminal (ordinance violation) offense, under the proper circumstances, can result in disqualification from employment as a Police Officer if it is demonstrated that the acts or omissions of the applicant were such as to make it inappropriate for him or her to serve as a Police Officer.

F.    **COOPERATION WITH APPLICATION PROCESS**

    Any applicant who fails to cooperate with the City of Chicago and its Police Department in processing his or her application for the position of Police Officer shall be disqualified.

    This includes failure to give any necessary information, making untrue, misleading statements in connection with the application or any part of the processing procedure, or failing to include any material information requested by the City or its Police Department.

VI.    Personal History Questionnaire - False Statements.

    All persons who have made untrue statements or have failed to include any material information in the questionnaire shall be disqualified.

    On 2 December 2006, the candidate indicated NO in his Personal History Questionnaire to Question #58.

    Question #58 - Have you ever been convicted of a crime and/or entered a plea of guilty to a crime in any court of law?

    On 2 December 2006, the candidate indicated NO in his Personal History Questionnaire to Question #62.

    Question #62 - Have you ever been questioned by the police regarding a criminal investigation?

    On 2 December 2006, the candidate indicated NO in his Personal History Questionnaire to Question #63.

    Question #63 - Have you ever given testimony in criminal court as a defendant?

    On 16 January 2007, the candidate was afforded an opportunity to review his Personal History Questionnaire in the presence of his assigned background investigator.

4

Candidate Background Investigation Ricky Martinez Continued..

Page #29, (I have reviewed this questionnaire on this date in the presence of the below listed witness and reaffirm my position that all of the information provided by me in this questionnaire remains true and correct or, where applicable, I have made the necessary corrections and changes).

The candidate made no corrections or changes.

Section 7 - Fraudulent Conduct or False Statements by Applicant.

Fraudulent conduct or false statements by an applicant or by others with the applicant's connivance, in any application or examination, shall be cause for the exclusion of such applicant from an examination, or for removal of such applicant's name from all employment lists, or for discharge from the service after appointment.

H.  **OTHER CONDUCT**

Any pattern of repeated abuse of authority, lack of respect for authority or law; lack of respect for the dignity and rights of others; racial, sex or other antisocial prejudice or propensity towards violence should result in disqualification.

The candidate admitted to his assigned background investigator, J. ALEXANDER-FALLON, that he failed to register with the Selective Service System as required by law.

The candidate's credit report from Trans Union, dated 16 January 2007, indicated that as of July 2006, he owes $250.00 in unpaid parking tickets to the Village of Bridgeview. This is an open account that has been placed for collection by the Village of Bridgeview.

City of Chicago
Dept. of Human Resources
Announces An Examination For:
Police Officer
Grade D1 - Examination # C9161-0001-2005

THE HIRING PROCESS will consist of five steps: The first step is a series of written tests consisting of multiple-choice questions and a Biographical Data Form.

Persons who pass this step will have their names placed on a list making them eligible for processing through the remaining steps: Drug Screen, Psychological Test, Background Investigation and Medical Examination.

5

Candidate Background Investigation Ricky Martinez Continued..

NOTE:
1. ALL FIVE STEPS OF THE PROCESS MUST BE COMPLETED SUCCESSFULLY IN ORDER TO BE CONSIDERED FOR HIRE.

2. FAILURE AT ANY STEP WILL RESULT IN REMOVAL FROM FURTHER CONSIDERATION.

As a result of the above findings in the background investigation it is recommended that the candidate be removed from the eligibility list.

(12/3/98) CCCR 0013

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS
or
A MUNICIPAL CORPORATION
vs.

ZOUHEIR RAHMANI
Defendant/Petitioner

NO. 91-146 827

ORDER TO EXPUNGE (AND SEAL)

☐ 1. The court having found that the Defendant/Petitioner has been acquitted or released without being convicted;

IT IS ORDERED THAT:

A. _____ ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall expunge their files of the record of this arrest;

C. The Circuit Court Clerk shall seal this file and the name of the defendant shall be obliterated from the official index required to be kept by the Circuit Court Clerk.

☒ 2. The court having found that the Defendant/Petitioner has been released without being convicted following a sentence of supervision and it has been two (2) years since discharge and dismissal of that supervision;

IT IS ORDERED THAT:

A. _____CPD_____ , ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall expunge their files of the record of this arrest;

C. The Circuit Court Clerk shall impound this file.

☐ 3. The court having found that the Defendant/Petitioner has been released without being convicted following a sentence of supervision for an offense listed in 20 ILCS 2630/5(a) and it has been five (5) years since discharge and dismissal of that supervision;

IT IS ORDERED THAT:

A. _____ , ARRESTING POLICE AGENCY, shall expunge this arrest from its records, and it is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest by the Arresting Agency;

B. The Illinois State Police, Bureau of Identification, shall seal their files and records of this arrest and the record, once sealed, may be disseminated only as required by law;

C. The Circuit Court Clerk shall impound this file.

Prepared by:
Name: ZOUHEIR RAHMANI
Address: 8650 S. 84H CT #1SW
City/State/Zip: HICKORY HILLS, IL 60457
Phone: 708-924-1325 or 708-205-
Atty. No._____

Date: SEP 07 2000

Judge

Exhibit - D

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK